UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE SHAREE LEWIS,

        Petitioner,

v.

SHAWN BREWER,

        Respondent.

                                        /

Case No. 2:18-cv-12801

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS
[1], DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

      Petitioner Jacqueline Sharee Lewis petitioned the Court for a writ of habeas corpus. ECF 1. Petitioner challenged her convictions for voluntary manslaughter, in violation of Mich. Comp. Laws § 750.321, two counts of assault with intent to do great bodily harm less than murder, in violation of Mich. Comp. Laws § 750.84, and possession of a firearm during the commission of a felony, in violation of Mich. Comp. Laws § 750.227b. *See id.* Petitioner raised a prosecutorial misconduct claim. ECF 1, PgID 12–14. For the reasons set forth below, the Court will deny the habeas petition. The Court will also deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

**BACKGROUND**

      Petitioner's convictions arose from the fatal shooting of her husband and the non-fatal shooting of her daughter. *See People v. Lewis*, No. 332424, 2017 WL

1

4077973, at *1 (Mich. Ct. App. Sept. 14, 2017) (unpublished).[1] Petitioner and her husband had a history of domestic violence. *Id*. And one day, Petitioner confronted her husband about an alleged extramarital affair. *Id*. The argument turned physical and ended when Petitioner pulled a handgun out from the couch and fired two shots, killing her husband and hitting her daughter in the leg. *Id*. Ultimately, a jury convicted Petitioner of voluntary manslaughter, "two counts of assault with intent to commit great bodily harm less than murder[,]" and "possession of a firearm during the commission of a felony[.]" *Id*. She was then sentenced to prison. ECF 6-13, PgID 901, 903.

Petitioner appealed as of right with the Michigan Court of Appeals and raised the same prosecutorial misconduct claim presented on habeas review. *Lewis*, 2017 WL 4077973 at *1. The court of appeals denied relief and affirmed her convictions and sentence. *Id*. at *1–2. Petitioner then unsuccessfully applied for leave to appeal with the Michigan Supreme Court. *People v. Lewis*, 501 Mich. 984 (2018).

After exhausting her state court remedies, Petitioner filed the present habeas petition and alleged that the state court prosecutor repeatedly misstated law and deprived her of her right to a fair trial. ECF 1, PgID 12–14. Respondent argued that the claim should be denied because the prosecutorial misconduct claim is procedurally defaulted and meritless. ECF 5.

---

[1] The Michigan Court of Appeals described the facts, which the Court presumes are correct on habeas review. *See* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

## LEGAL STANDARD

The Court may only grant habeas relief to a state prisoner if a state court adjudicated her claims on the merits and the state court adjudication was "contrary to" or led to an "unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at" a different result. *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A state court unreasonably applies Supreme Court precedent only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). A merely "incorrect or erroneous" application is insufficient. *Id.* "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision follows clearly established federal law as determined by the Supreme Court when the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8

(2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

Last, the Court presumes the accuracy of a state court's factual determinations on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## DISCUSSION

### I. Prosecutorial Misconduct

Petitioner asserts that she is entitled to habeas relief because of prosecutorial misconduct. ECF 1, PgID 12–14. She asserts that the prosecutor repeatedly misstated self-defense law by explaining that the jury must treat her as if she were a man and hold her to the same standard as a man. *Id.* at 12. Petitioner argues that, in doing so, the prosecutor misled the jury into thinking that it could not consider her relative size and strength in evaluating her claim of self-defense. *Id.* at 13.

But Respondent contends that the claim is barred by procedural default based on the failure to object at trial and that it lacks merit. ECF 5, PgID 59–74. Because procedural default ordinarily is not a jurisdictional matter, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). It may be more economical for the habeas court

4

to simply review the merits of a petitioner's claims rather than to address "complicated issues of state law." *Lambrix*, 520 U.S. at 525. Indeed, the Court finds it more efficient to proceed directly to the merits of the claim.

Prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a prosecutorial misconduct claim, a petitioner must show that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly* is the proper standard).

But the Michigan Court of Appeals already considered the claim on plain error review and denied relief. The court explained that the prosecutor did not commit misconduct because unlike Petitioner's assertions, the prosecutor did not argue "that the jury must disregard [Petitioner's] relative size and weight compared to that of her husband. The prosecutor's comments are more properly characterized as an appeal to gender-neutrality in the proceeding—a call for the jury to decide the case on the facts, rather than on any gender bias." *Lewis*, 2017 WL 4077973, at *2. The state appellate court also found that "[n]owhere in the" self-defense statute, Mich. Comp. Laws. § 780.872, or the self-defense jury instructions, M. Crim. JI 7.13, "is the jury prompted to consider the genders of the parties involved when addressing the question of self-defense." *Lewis*, 2017 WL 4077973, at *2. Moreover, no Michigan precedent expressed "a lower standard for a woman to prove self-defense than a man."

5

*Id*. Finally, even if "the jury may have misunderstood the prosecutor's comments as indicating that they could not consider the [Petitioner's] actual size and weight as relative to her husband, the trial court properly instructed the jury to take the actors' relative size and strength" into consideration when assessing self-defense. *Id*.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Simply put, a prosecutor may not misstate the law. *See, e.g.*, *Caldwell v. Mississippi*, 472 U.S. 320, 333–34 (1985). But the prosecutor did not misstate the law. The prosecutor did not tell the jury to disregard Petitioner's relative size and strength or any other factors relevant to her claim of self-defense. Rather, the prosecutor merely urged the jury to consider Petitioner's claim of self-defense without regard to her gender and not to make any sympathetic decisions because she is a woman. *See* ECF 1, PgID 13 (setting forth the prosecutor's disputed remarks); *see also* ECF 6-8, PgID 284, 343 (prosecutor's jury voir dire comments asking if jurors could judge a man and a woman the same for the self-defense standard); ECF 6-11, PgID 823–24, 829–30 (prosecutor's rebuttal argument about a gender neutral consideration of the crime). The statements were not inappropriate.

Further, even if the jury could misinterpret the prosecutor's remarks, the trial court properly instructed the jury that it must consider the law as given by the court and disregard conflicting statements by counsel. The trial court also properly instructed the jury on self-defense, including that the jury could consider the parties' relative size and strength in evaluating the claim of self-defense. *See* ECF 6-11, PgID

6

832, 846–50 (relevant jury instructions). That said, the Court presumes that jurors follow a trial court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *see also United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to follow it."). In short, Petitioner failed to show that the prosecutor engaged in misconduct that rendered her trial fundamentally unfair.

Last, Petitioner failed to show that any miscarriage of justice occurred. The miscarriage of justice exception requires a showing that a constitutional violation "probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A credible claim of actual innocence requires a petitioner to support the "allegations of constitutional error with new reliable evidence" "that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). But Petitioner makes no such showing. Her prosecutorial misconduct claim is therefore meritless and warrants no habeas relief.

II.     Certificate of Appealability and In Forma Pauperis Status on Appeal

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Petitioner must show that reasonable jurists could debate whether the Court should have resolved the petition in a different manner, or that the issues presented

7

were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Here, jurists of reason would not debate the Court's denial of these claims. The Court will therefore deny a certificate of appealability.

The Court will also deny Petitioner leave to appeal in forma pauperis because Petitioner cannot take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 23, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 23, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager